UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00130-GNS

GRACIE EVANS;
CASSANDRA WATTS;
AUSIA BRANCH;
JARVIS EVANS; and
MELANIA EVANS                                                                         PLAINTIFFS

v.

DR. VERENA WYVILL BROWN;
MONROE CARELL JR. CHILDREN'S HOSPITAL; and
STEPHANIE V. BANK CENTER FOR SAFE
AND HEALTHY CHILDREN                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DN 8, 9). The motions are ripe for adjudication. For the foregoing reasons, Defendant's motions are **GRANTED**.

### I.   BACKGROUND

Plaintiffs filed this action[1] *pro se* alleging that Defendant Dr. Verena Wyvill Brown ("Dr. Brown") breached her duty of care, engaged in malicious misconduct and was grossly negligent, "caus[ing] the [P]laintiffs and their children severe emotional and psychological harm [when they] were deprived of their minor children . . . ." (Compl. 3-4, DN 1). Plaintiffs allege that on April

---

[1] As alleged in the Complaint, Plaintiffs Ausia Branch ("Branch") and Jarvis Evans are the parents of minor children who were removed from their custody based on allegations of child abuse. (Compl. 3-4). Plaintiffs Melanie Evans, Gracie Evans, and Cassandra Watts are the "parental grandmother," "parental great-grandmother," and "parental aunt" of the minor children. (Compl. 4). In a related case, the Court dismissed the claims filed by these Plaintiffs against others, including the prosecutor and family court judge, relating to these allegations of abuse. *See Evans v. Downey*, No. 1:15-CV-00117-GNS, 2016 WL 3562102, at *1, *4 (W.D. Ky. June 24, 2016).

23, 2014, Dr. Brown misdiagnosed the minor child of Branch with Abusive Head Trauma, the symptoms for which Plaintiffs claim are attributable to "the complicated intubation performed by [a] residential student [in] which the endotracheal tube was located well [with]in the right mainstem bronchus and was retracted 2.5 cm with signs of developing atelectasis." (Compl. 5-6). Plaintiffs further allege that on September 21, 2017, Dr. Brown testified via Skype at an adjudication in Warren County Family Court in Bowling Green, Kentucky and provided false testimony about her misdiagnosis. (Compl. 3). As a result of this allegedly false testimony, Plaintiffs assert they were deprived of custody over the children when officials from Warren County Family Court removed them from relative care to foster care. (Compl. 3-4).

Plaintiffs also bring claims against Dr. Brown's employers under the theory of *respondeat superior*. (Compl. 6-7). Plaintiffs argue Defendant Monroe Carrell Jr. Children's Hospital ("Children's Hospital") is vicariously liable for Dr. Brown's conduct during diagnosis and treatment and that Defendant Stephanie V. Blank Center for Safe and Health Children ("Blank Center")[2] is vicariously liable for her false testimony. (Compl. 6-7). Plaintiffs seek over a $1 billion in damages from Defendants for medical malpractice and for the consequences of Dr. Brown's false testimony. (Compl. 8-9).

Blank Center moved to dismiss Plaintiffs claims for lack of jurisdiction, improper service, procedural non-compliance and for being time-barred under the applicable statute of limitations. (Def.'s Mot. Dismiss, DN 8). Children's Hospital and Dr. Brown move to dismiss Plaintiffs' claims for lack of jurisdiction, because venue is improper in the Western District of Kentucky, for

---

[2] Plaintiffs misidentify Defendant's name as "Bank" in the Complaint. Defendant's proper name is "Blank," and the Court will use this name in this opinion. (Def.'s Mem. Supp. Mot. Dismiss 1, DN 8-1).

failing to state a claim, and for failing to comply with pre-suit notice requirements. (Defs.' Mot. Dismiss, DN 9).

Plaintiffs contend that jurisdiction exists over Blank Center because Dr. Brown was employed by Blank Center and used Skype from their Atlanta offices to provide untruthful testimony at Warren County Family Court concerning her conduct while employed at Children's Hospital. (Pls.' Resp. Def.'s Mot. Dismiss 2-3, DN 16 [hereinafter Pls.' First Resp.]). Plaintiffs argue for the first time in their response that jurisdiction exists over Children's Hospital because it "continuously and systematically conducts business in the State of Kentucky when it submits via telephone, mail, or facsimile transmission invoices for payments or services rendered and receives payment from Kentucky Medicaid insurance . . . ." (Pls.' Resp. Defs.' Mot. Dismiss 4-5, DN 17 [hereinafter Pls.' Second Resp.]). Plaintiffs contend the Court has jurisdiction over claims against Dr. Brown because she committed a tort in Kentucky in providing false testimony in Warren County Family Court. (Pls.' Second Resp. 4).

## II.  **STANDARD OF REVIEW**

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations by a *pro se* plaintiff are sufficient to call for an opportunity to offer supporting evidence "unless it appears beyond doubt that the [plaintiff] could prove no set of facts that entitle him [or her] to relief." *Cruz v. Beto*, 405 U.S. 319 (1972) (internal quotation marks omitted) (citation omitted). At the same time, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, (1993). Indeed, a *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules . . . ." *Burnett v. Grattan*, 468 U.S.

42, 50, 104 (1984). Dismissal may be appropriate where a complaint contains a detailed description of the underlying facts which nevertheless fail to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106-09 (1976).

### III.   DISCUSSION

####    A.   Medical Malpractice Claims

Plaintiffs seek damages for gross negligence relating to Dr. Brown's medical examination and treatment of Plaintiff's minor child at Children's Hospital's facilities on April 23, 2014, in Nashville, Tennessee. (Compl. 3-4). Dr. Brown and Children's Hospital argue dismissal is appropriate because the Court lacks jurisdiction, venue is improper, Plaintiffs fail to state a claim and have failed to adhere to pre-suit notice requirements, and because Plaintiffs claims are untimely. (Defs.' Mem. Supp. Mot. Dismiss 4-14, DN 9-1).

Under Fed. R. Civ. P. 12(b)(2), a litigant may challenge the Court's authority to entertain an action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Personal jurisdiction has two forms: general and specific. *See Miller v. ACA Winterthur Ins. Co.*, 694 F.3d 675, 678-79 (6th Cir. 2012). General jurisdiction arises when a defendant has affiliations so "continuous and systematic" with a forum as to render the person "essentially at home" there, thus allowing courts in that forum to exercise jurisdiction over any and all claims against her. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). Specific jurisdiction, on the other hand, arises from "minimum contacts" between a person and the forum, and permits the forum's courts to adjudicate "issues deriving from, or connected with," those particular contacts. *Id.* (citation omitted). When a court rules on a jurisdictional motion to dismiss, without conducting an evidentiary hearing, it must consider the pleadings and affidavits in a light most favorable to the plaintiff. To defeat such a motion, the plaintiff need only make a *prima facie*

showing of jurisdiction and the court should not weigh the controverting assertions of the party seeking dismissal. *Dean v. Motel 6 Operating LP*, 134 F.3d 1269, 1272 (6th Cir. 1998).

In determining whether personal jurisdiction exists over a nonresident defendant, the Court must apply the law of the state in which it sits. *Third Nat'l Bank in Nashville v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). In Kentucky, jurisdiction over out-of-state defendants is governed by KRS 454.210. In *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011), the Supreme Court of Kentucky provided that "[o]nly after the requirements of KRS 454.210 have been satisfied can it be said that personal jurisdiction over a non-resident defendant extends to the outer limits permitted by federal due process." *Id.* It created a two-step process to apply proper long-arm jurisdiction:

> First, review must proceed under KRS 454.210 to determine if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories. If not, then *in personam* jurisdiction may not be exercised. When that initial step results in a determination that the statute is applicable, a second step of analysis must be taken to determine if exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.

*Id.* The Kentucky Supreme Court continued, "[w]hile we believe it fair to say that these provisions should be liberally construed in favor of long-arm jurisdiction, their limits upon jurisdiction must be observed as defined." *Id.* In light of this this, the Court must first determine which long-arm statute provision applies here before considering minimum contacts and personal availment. *See id*.

### 1. *Children's Hospital*

From the nine categories enumerated in KRS 454.210(2)(a), Plaintiffs claims could potentially fall into the fourth category, which provides for jurisdiction over nonresident parties:

> Causing tortious injury in this Commonwealth by act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or

5

consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth . . . .

KRS 454.210(2)(a)(4). Plaintiffs' Complaint alleges that Children's Hospital is an affiliate of Vanderbilt University Medical Center and is incorporated under Tennessee law with a principal place of business in Tennessee. (Compl. 3). Plaintiffs contend for the first time in their response to Children's Hospital's motion that this Court has jurisdiction over Children's Hospital because it "continuously and systematically conducts business in the State of Kentucky when it submits via telephone, mail, or facsimile transmission invoices for payments or services rendered and receives payment from Kentucky Medicaid insurance . . . ." (Pls.' Second Resp. 4-5).

Children's Hospital points out to the Court that Plaintiffs have added numerous new factual allegations in their response not included in their Complaint. (Defs.' Reply Mot. Dismiss 2-3, DN 19). In addition to the allegation that Children's Hospital availed itself to jurisdiction by accepting Kentucky Medicaid, Plaintiffs also adds that another physician in addition to Dr. Brown committed malpractice, that Children's Hospital conspired to fraudulently conceal this alleged malpractice, and that Dr. Brown conspired with Kentucky state officials to prosecute Plaintiffs. (Defs.' Reply Mot. Dismiss 2-3).

Courts do not typically consider facts or additional allegations included in response to a motion to dismiss that are not alleged or referenced in the pleadings. *See In re Fair Fin. Co.*, No. 15-3854, 2016 WL 4437606, at *1 n.1 (6th Cir. Aug. 23, 2016). Additionally, a "plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citations omitted). That said, "in the face of a properly supported motion for dismiss, the plaintiff may not stand on his pleadings but must, by affidavit *or otherwise*, set forth specific facts showing that the court has jurisdiction." *Id*. (emphasis added). Where a court does

6

not conduct an evidentiary hearing or permit discovery to resolve factual questions surrounding the motion, a plaintiff need "make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Id.* (citations omitted). This standard, together with the leniency that is to be afforded to filings made by *pro se* litigants, militates in favor of considering Plaintiffs' supplemental allegations regarding the Court's general jurisdiction over the malpractice claims against Children's Hospital. *See id.*; *Haines*, 404 U.S. at 520. For the purpose of the present motion, the Court will presume that Children's Hospital's contacts with Kentucky are sufficient to subject it to this Court's general jurisdiction.

Regardless, Plaintiffs fail to make the threshold showing that their injuries "arise from" Children's Hospital's Kentucky operations. To ensure that a claim "arises from" a defendant's conduct or activity, courts have required "a reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm jurisdiction." *Cox v. Konnklijke Philips, N.V.*, 647 F. App'x 625, 629 (6th Cir. 2016) (internal quotation marks omitted) (quoting *Caesars*, 336 S.W.3d at 57). This critical limitation on the statute's operation ensures that the Court cannot exercise jurisdiction merely because a nonresident has engaged in conduct fitting within an enumerated category. *Caesars*, 336 S.W.3d at 55. "The plaintiff must also show that his claim is one that arises from the conduct or activities described in the subsection." *Id*.

All of the alleged malpractice claimed by Plaintiffs occurred in Tennessee, and neither originated from nor were produced by Children's Hospital's acceptance of Kentucky Medicaid. *See id*. at 57-59 (dismissing claim for lack of jurisdiction because plaintiff's injuries were too attenuated from defendant's activities in Kentucky to fit the definition of "arising from."); *see also John Conti Coffee Co. v. MAPCO Express, Inc.*, No. 13-39-GFVT, 2014 WL 12648449, at *1 (E.D. Ky. Jan. 2, 2014) ("[T]he Kentucky Supreme Court has definitively stated that simply

7

engaging in activities listed in the statute is not enough—the actual cause of action must *arise from* those activities." (citing *Caesars*, 336 S.W.3d at 58)).

Even if Plaintiffs claims triggered KRS 454.210(2)(a)(4), their allegations are not enough to satisfy the constitutional standards of due process that require a nonresident defendant to have personally availed himself of the benefits of the forum state. "Purposeful availment, the constitutional touchstone of personal jurisdiction, is present where the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum State . . . ." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (internal quotation marks omitted) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or the unilateral activity of another party or a third person." *Id.* (internal quotation marks omitted) (citing *Rudzewicz*, 471 U.S. at 475).

Even accepting as true the additional jurisdictional allegations in Plaintiffs' response, specific personal jurisdiction cannot be found for Plaintiffs' malpractice claims because treatment was rendered entirely in Tennessee. *See Rudzewicz*, 471 U.S. at 475. Plaintiffs' claims therefore fail to satisfy the "arising from" standard under KRS 454.210(2)(a). *See Caesars*, 336 S.W.3d at 57-59. For these reasons, the Court finds that it lacks personal jurisdiction over Children's Hospital. Plaintiffs' malpractice claims against it will be dismissed for lack of personal jurisdiction.

### 2.  *Dr. Brown*

Plaintiffs also allege in their response that Dr. Brown accepted Kentucky Medicaid and argue this is sufficient for the Court to exercise jurisdiction over Plaintiffs' malpractice claims

8

against her. (Pls.' Second Resp. 4). For many of the same reasons provided above with regard to Children's Hospital, the Court lacks personal jurisdiction over Dr. Brown to entertain these claims. As discussed above with respect to Children's Hospital, the alleged injury occurred in Tennessee and did not arise from of any of Dr. Brown's alleged connections to Kentucky. *See Caesars*, 336 S.W.3d at 57-59. Second, Dr. Brown did not purposefully avail herself to the benefits of Kentucky law such that she could be expected to be hauled into court in the Commonwealth. *See Rudzewicz*, 471 U.S. at 475. Third, courts in Kentucky have specifically refused to exercise personal jurisdiction when a Kentucky plaintiff alleges a nonresident physician committed malpractice at an out-of-state hospital. *See Powers v. Park*, 192 S.W.3d 439, 443-44 (Ky. App. 2006) (affirming summary judgment of medical malpractice claim for lack of personal jurisdiction over Missouri physician); *Pierce v. Serafin*, 787 S.W.2d 705, 707 (Ky. App. 1990) (finding no personal jurisdiction over doctor when only connection to forum was the mailing of an allegedly tortious letter from outside Kentucky). With this, the Court concludes it lacks personal jurisdiction over Dr. Brown to hear Plaintiffs' malpractice claims against her. Plaintiffs' malpractice claims against Dr. Brown will accordingly be dismissed for lack of personal jurisdiction.

**B.**     **False Testimony Claims**

Plaintiffs also seek damages from testimony proffered by Dr. Brown via Skype to Warren County Family Court from Blank Center's Atlanta, Georgia, offices. (Compl. 7). Plaintiffs allege that they were deprived of custody of Branch's minor children as a result of this false testimony. Blank Center moves to dismiss these claims for lack of jurisdiction, improper service, procedural non-compliance, and for being time-barred under the applicable statute of limitations. (Defs.' Mem. Supp. Mot. Dismiss 1-2, DN 8). Dr. Brown also moves to dismiss for failure to state a claim. (Defs.' Reply Mot. Dismiss 3-4).

1. *Blank Center*

Plaintiffs argue that the Court has jurisdiction over Blank Center because Dr. Brown was employed by them and used Skype from their Atlanta offices to provide her allegedly untruthful testimony to Warren County Family Court. (Pls.' First Resp. 2-3). The fourth category set forth in KRS 454.210(2)(a)—discussed in greater detail above—cannot be the basis for jurisdiction here because Plaintiffs allegations do not in any way suggest Blank Center solicits business in Kentucky or that it engages in persistent conduct to derive revenue from goods or services rendered in the Commonwealth. *See* KRS 454.210(2)(a)(4). The remaining category under which Plaintiffs might establish personal jurisdiction, KRS 454.210(2)(a)(3), provides a court jurisdiction over nonresidents who "[c]aus[e] tortious injury by an act or omission in this Commonwealth . . . ." KRS 454.210(2)(a)(3).

Although the analysis from above may differ where the alleged tort occurred in a Kentucky court and thus "arises from" Blank Center's attenuated relationship to the forum, Plaintiffs claims nonetheless must fail for lacking the minimum contacts and personal availment required by constitutional standards for due process. As mentioned above, Kentucky courts are hesitant to exercise jurisdiction over claims against out-of-state medical providers. *See Pierce*, 192 S.W.3d at 443-44 (finding no personal jurisdiction over doctor when his only connection to Kentucky was mailing an allegedly tortious letter from outside forum). Kentucky courts have also refused to exercise jurisdiction over parties whose connections to the forum are limited to isolated or infrequent electronic communications because they lack minimum contacts with the Commonwealth and offend notions of fair play and substantial justice. *See Hinners v. Robey*, 336 S.W.3d 891, 902 (Ky. 2011) ("A single eBay sale such as in the present case represents a quintessential example of a random, fortuitous, and attenuated contact."). Because Blank Center's

alleged contact with Kentucky consists entirely of facilitating Skype testimony concerning out-of-state medical treatment, the Court lacks personal jurisdiction over Plaintiffs' claims against it.

Even assuming the Court had personal jurisdiction over Blank Center, Plaintiffs' claims would still fail because they do not allege facts demonstrating Blank Center would be vicariously liable for Dr. Brown's testimony under the theory of *respondeat superior*. In Kentucky, employers are subject to vicarious liability for a tort committed by an employee acting within the scope of employment. *Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 51 (Ky. 2008). An employer is not liable for tortious conduct unless it was undertaken to advance the interest of the principal or was within the normal scope of the actor's employment. *Osborne v. Payne*, 31 S.W.3d 911, 916 (Ky. 2000). If the employee "acts from purely personal motives which are in no way connected with the employer's interests, he is considered in the ordinary case to have department from his employment, and the master is not liable." *Papa John's*, 244 S.W.3d at 52 (internal quotation marks omitted) (citation omitted).

Plaintiffs here claim Dr. Brown gave testimony in a family court hearing in Kentucky regarding her care and treatment of a child three years earlier while employed by Children's Hospital. Any crimes or torts arising from this testimony cannot be attributable to Blank Center under *respondeat superior* because this behavior, even if accepted as true, in no way can be "calculated to advance the cause" of Blank Center. *See Osborne*, 31 S.W.3d at 916. Nor could these actions be deemed within to the normal scope of Dr. Brown's employment as a physician with Blank Center. *See Papa John's*, 244 S.W.3d at 52 (an employee making a false statement to police is outside scope of employment). Even if the Court had jurisdiction over Blank Center, Plaintiffs' claims must fail because Blank Center cannot be liable under Kentucky law for the actions of an agent without any connection to the employer's business.

## 2. *Dr. Brown*

Dr. Brown argues that Plaintiffs have failed to state a claim against her because she was required by Tennessee law to report injuries that she believed were caused by brutality, abuse, or neglect. (Defs.' Reply Mot. Dismiss 3-4). Dr. Brown also contends she is absolutely immune from claims of negligent testimony. (Defs.' Reply Mot. Dismiss 3-4). While Dr. Brown cites to Tennessee law to support this proposition, Kentucky's substantive law would apply here based on Kentucky's "any significant contacts" choice-of-law analysis for torts because the allegedly tortious testimony was given before a Kentucky court. *See Saleba v. Schrand*, 300 S.W.3d 177, 181 (Ky. 2009). In this situation, however, "[t]he Court need only conduct a choice-of-law analysis if a conflict exists between two states' laws." *Pogue v. Principal Life Ins. Co.*, No. 3:14-CV-00599-GNS, 2015 WL 5680464, at *4 (W.D. Ky. Sept. 25, 2015) (citation omitted).

In this instance, there is no such conflict of law. Kentucky and Tennessee both reject claims of civil liability premised on the content of a witness's testimony. *See Stone v. Glass*, 35 S.W.3d 827, 828 (Ky. App. 2000) ("It has long been the established rule that a witness, even if he knowingly gives false testimony, is entitled to absolute immunity from civil damages." (citation omitted)); *Wilson v. Ricciardi*, 778 S.W.2d 450, 453 (Tenn. Ct. App. 1989) ("It is a well-settled proposition of law in this jurisdiction that the testimony of a witness given in a judicial proceeding is absolutely privileged. Therefore, no civil action for damages may lie against a witness based upon his testimony in a case, though his testimony may have been damaging to one of the parties of the lawsuit in which he testified." (citations omitted)). Because Dr. Brown is immune from civil liability for her testimony before the Warren County Family Court, Plaintiffs have failed to state a claim against her as a matter of law with regard to that testimony. Accordingly, Plaintiffs false testimony claims against Dr. Brown will be dismissed.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (DN 8, 9) are **GRANTED** and Plaintiffs' Complaint (DN 1) is **DISMISSED**. The Clerk shall strike this matter from the active docket.

This is a final and appealable order.

Greg N. Stivers, Chief Judge
United States District Court

May 28, 2019

cc:        counsel of record
            Plaintiffs, *pro se*